

**FILED**
**Apr 04, 2019**
**02:40 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Sallie J. King | ) Docket No. 2017-01-0397 |
| | ) |
| v. | ) State File No. 54679-2016 |
| | ) |
| Kasai North America, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas L. Wyatt, Judge | ) |

---

### Reversed and Remanded – Filed April 4, 2019

---

In this interlocutory appeal, the employee alleged various injuries caused by a fall at work. After some discovery was conducted, the employer filed a motion for summary judgment, alleging the employee's evidence was insufficient as a matter of law to establish a compensable injury. After requesting and receiving additional time to respond to the motion, the employee's counsel filed a motion to withdraw. The trial court scheduled a hearing on both motions, requiring the employee's counsel to present his client's argument in response to the motion for summary judgment prior to its entertaining the motion to withdraw. During his argument, the employee's counsel acknowledged he had no expert medical evidence to submit in opposition to the employer's motion for summary judgment. Following the hearing, the trial court granted the motion to withdraw but denied the motion for summary judgment. The employer has appealed. Upon careful consideration of the record, we reverse the trial court's order denying the motion for summary judgment and remand the case for entry of an order granting the motion.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

D. Brett Burrow, Nashville, Tennessee, for the employer-appellant, Kasai North America, Inc.

Sallie J. King, Gruetli-Laager, Tennessee, employee-appellee, pro se

## Factual and Procedural Background

Sallie King ("Employee") worked for Kasai North America, Inc. ("Employer"), as a line assembler. On June 15, 2016, Employee tripped on a cord at work and fell. She was first seen by the plant nurse, who reported that Employee complained of left knee pain and "generalized body soreness." Although Employer offered Employee a panel of physicians, she did not seek any other medical care at that time.

Thereafter, Employee sought treatment at the Palmer Clinic. During her first visit on June 20, 2016, she complained of migraine headaches, a history of seizures, and a history of a concussion. There was no mention of a work injury, knee pain, or other orthopedic complaints. Similarly, a July 8, 2016 report from the Palmer Clinic contained no indication of a work-related injury. The first indication of a work-related injury in this clinic's records is contained in a July 13, 2017 report, at which time she described the June 15 fall and resulting complaints in her back and neck. Her first complaint of left knee pain is reflected in a September 8, 2016 Palmer Clinic report.

The only medical documentation in the record other than the Palmer Clinic records is a January 4, 2018 letter Employer's counsel sent to Dr. Chad Smalley, an orthopedic physician, and Dr. Smalley's response. Dr. Smalley indicated he could not relate Employee's knee complaints to the June 15, 2016 fall at work.

On July 10, 2018, Employer filed a motion for summary judgment, a statement of undisputed facts, and a supporting brief. On July 27, 2018, Employee filed a motion for additional time to respond to the motion for summary judgment, which the court granted. More than three months later, on November 5, 2018, Employee filed a one-page response to the motion for summary judgment, which included the following:

> The essence of the Employer/Carrier's Motion for Summary Judgment is that the Employee has no expert medical proof establishing causation. . . . Employee admits that at this time she has no such expert medical proof establishing causation, but she is still being treated and under medical care, and Employee hopes to receive confirmation from her treating physicians that will establish causation. However, she needs additional time within which to develop this proof.

On November 14, 2018, Employee filed a motion to continue the summary judgment hearing, which the trial court granted over Employer's objections. A hearing was rescheduled for January 11, 2019.

Thereafter, on January 9, 2019, Employee's counsel filed a motion to withdraw. The trial court considered both pending motions at the January 11 hearing but instructed Employee's counsel to address the motion for summary judgment before the court

considered the motion to withdraw. During the portion of the hearing addressing the motion for summary judgment, Employee's counsel stated:

> And so at this point in time . . . we just don't have the medical proof on causation that would justify us moving forward. I thought that if I could develop some of that proof from another . . . orthopedic that she saw since that time, but after reviewing his records, I just have nothing I can submit with a straight face and say we should . . . not be allowed to be dismissed on summary judgment.

Following the hearing, the trial court issued an order granting Employee's counsel's motion to withdraw and denying Employer's motion for summary judgment. Although the trial court acknowledged Employee had not responded to Employer's statement of undisputed facts and had not come forward with expert medical evidence of causation, it reasoned there were genuine issues of material fact that precluded summary judgment, including: (1) why Employee declined additional medical treatment on the date of the fall; (2) why she elected not to return to the plant nurse for further evaluation or treatment; and (3) why the reports of the Palmer Clinic did not include any description of a work injury until several weeks after the accident. In addition, the trial court rejected Employer's position that "the mere filing of its motion for summary judgment required [Employee] to produce medical evidence of causation." Employer has appealed.

## Standard of Review

The grant or denial of a motion for summary judgment is an issue of law and, therefore, our standard of review is de novo with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *McBee v. CSX Transp., Inc.*, No. W2015-01253-COA-R3-CV, 2017 Tenn. App. LEXIS 129, at *14 (Tenn. Ct. App. Feb. 24, 2017). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250.

## Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. In circumstances where a motion for summary judgment is filed by a party who does not bear the burden of proof at trial, "the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to

establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original); *see also* Tenn. Code Ann. § 20-16-101 (2018).

Employer contends that because Employee failed to properly respond to its motion in accordance with Rule 56, and because Employee failed to submit any medical evidence of causation in response to its dispositive motion, it is entitled to a judgment as a matter of law.  We agree.

As noted in *Rye*, the second manner in which a moving party who does not have the burden of persuasion at trial may meet its burden of production is to

> demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.  If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.

*Rye*, 477 S.W.3d at 255 (emphasis omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).  In further explaining this second method of establishing entitlement to summary judgment, the Tennessee Supreme Court explained in *Rye*:

> Where the moving party . . . seeks summary judgment on the ground that the nonmoving party -- who will bear the burden of persuasion at trial -- has no evidence, the mechanics of discharging Rule 56's burden of production are somewhat trickier.  Plainly, a conclusory assertion that the nonmoving party has no evidence is insufficient.  Such a "burden" of production is no burden at all and would simply permit summary judgment procedure to be converted into a tool for harassment.  Rather, as the Court confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record.  This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence.  If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record.  Either way, however, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party.

*Id.* at 255-56 (emphases omitted) (quoting *Celotex*, 477 U.S. at 331-32 (Brennan, J., dissenting)).

In the present case, the disputed issues of fact identified by the trial court were not material to the question of whether Employee's medical evidence of causation, an essential element of her claim, was insufficient at the summary judgment stage. Whether Employee had a reason for declining additional medical treatment on the date of the injury, whether she elected not to return to the plant nurse, and whether she did or did not tell the walk-in clinic providers about her fall at work have no bearing on the basis of Employer's motion. In fact, Employee's counsel readily admitted there was no evidence establishing medical causation and he had nothing to submit in response to Employer's motion despite the trial court's granting of two continuances to obtain such proof. The only expert medical opinion in this record is Dr. Smalley's statement that he could not conclude that the work accident was the primary cause of Employee's knee condition.

In short, Employer filed a motion for summary judgment in accordance with Rule 56 and asserted Employee's evidence of medical causation was insufficient as a matter of law, providing a medical opinion in support of that position. In response, Employee asked for additional time on two occasions, which the trial court granted. Despite these continuances, Employee did not respond to Employer's statement of undisputed material facts and produced no evidence of medical causation. Under these circumstances, we conclude the trial court erred in denying Employer's motion.

**Conclusion**

For the foregoing reasons, the trial court's order denying Employer's motion for summary judgment is reversed, and the case is remanded to the trial court for entry of an order granting the motion for summary judgment.



| Sallie J. King | ) | Docket No. 2017-01-0397 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 54679-2016 |
| | ) | |
| Kasai North America, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 4th day of April, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Sallie J. King | X | | | | X | P.O. Box 98<br>Gruetli-Laager, TN 37339<br>Salliejo71@gmail.com |
| D. Brett Burrow | | | | | X | bburrow@burrowlee.com<br>tbrasher@burrowlee.com |
| Thomas L. Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov